**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JENNIFER KITZ, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0783 |
| | : | |
| MICHAEL D. KITZ, Sr., *et al.*, | : | |
| Defendants. | : | |

## <u>MEMORANDUM</u>

**PADOVA, J.**                                                                     **MARCH 11, 2022**

Plaintiff Jennifer Kitz filed another *pro se* Complaint naming as Defendants her spouse

Michael D. Kitz, Sr., as well as entities involved in a real estate transaction.[1]  Kitz[2] seeks leave

to proceed *in forma pauperis*.  For the following reasons, the Court will grant Kitz leave to

proceed *in forma pauperis* and dismiss her new Complaint without prejudice for lack of subject

matter jurisdiction.

## I.      FACTUAL ALLEGATIONS

---

[1]      In a Memorandum and Order filed in *Kitz v. Kitz*, No. 22-600, 2022 WL 523452 (E.D. Pa. Feb. 18, 2022), the Court dismissed Kitz's earlier civil action in which she named Michael Kitz and others.  Her federal claims were dismissed with prejudice and her state law claims were dismissed without prejudice for want of subject matter jurisdiction.  After the order of dismissal was entered, Kitz filed a new complaint via email using the civil action number of the dismissed case.  By Order filed on March 1, 2022 in that case (ECF No. 19), the Court directed the Clerk of Court to open a new, related civil action using the post-dismissal Complaint filed by Kitz.  The Clerk was also directed to file a copy of Kitz's Motion for Leave to Proceed *In Forma Pauperis* from the earlier case under the new civil action number.  The new Complaint contains only a typed signature.  Under the discretion afforded by *In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Create by COVID-19*, (E.D. Pa. May 13, 2020), the Court will accept the electronic signature as compliant with Federal Rule of Civil Procedure 11.

[2]      The Court uses "Kitz" to refer to Jennifer Kitz, while Michael Kitz will be referred to by his full name to avoid confusion.

In her new Complaint, Kitz names as Defendants Michael D. Kitz, Sr., Keller Williams Realty/Center City Listings, First American Title Insurance Company, and Trusted Settlement Services. (*See* ECF No. 2 at 2.) She lists the same residential address for herself and Michael D. Kitz, Sr., and business addresses in Philadelphia for all other defendants. (*Id.*) Kitz again used a preprinted form to file her pleading. In the section of the form that asks for a statement of the basis of the Court's subject matter jurisdiction, Kitz checked the box for federal question jurisdiction and stated as the basis for asserting federal question jurisdiction her request that the named Defendants produce settlement documents for the sale of a property in Philadelphia. (ECF No. 2 at 3.) She makes no allegations seeking to establish jurisdiction on the basis of diversity. (*Id*. at 3-4.) In the portion of the form that asks for a statement of her claim, Kitz alleges "I believe I am a victim of Fraud, Breach of Contract, Identity theft, False Representation. I am entitled to the above documents that I need to file my taxes with the IRS." (*Id*. at 5.) She also mentions payments allegedly made from settlement funds from the sale of the property, and claims that mortgage loans of which she was unaware were paid from the funds, but that liens were not paid off. (*Id.*) She claims she did not receive all of the funds she was due from the sale. (*Id.*)

Attached to the Complaint are a number of documents from the sale of the property that may be the same document Kitz claims she needs. They include a settlement statement, title insurance commitment, IRS Form 1099-S, real estate tax forms, a pay-off statement, and other documents. (*Id.* at 7-23, 30-46.) Kitz has also emailed numerous submissions to the Court, many of which are the same documents she attached to the Complaint. The Court will consider the entire submission as the Complaint in this case.[3]

---

[3]    In the Order entered on March 1, 2022 in Civ. A. No. 22-600 (ECF No. 19), the Court noted that Kitz was emailing documents, questions, and miscellaneous requests to the email

## II.    STANDARD OF REVIEW

The Court will grant Kitz leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Kitz's Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  When allowing a plaintiff to proceed *in forma pauperis* the Court must also review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015)

---

address established by the Court for unrepresented litigants to submit pleadings via email during the Covid-19 emergency.  Kitz was advised in the Notice of Guidelines for Representing Yourself (Appearing *Pro Se*) in Civil Cases, sent to her in that case on February 17, 2022 (ECF No. 3), and sent to her again when her new case was opened, and also available on the Court's website, that "All documents you submit to the Court should be in the form of a pleading (e.g., complaint, amended complaint), notice, motion, brief, or supporting memorandum of law."  *See* http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.  Kitz has not heeded that warning and continues to email documents to the Clerk of Court that are not in the prescribed form.  To date, she has submitted over 32 emails since this case was opened on March 1, 2022, only two of which are labeled as motions.  While it may take Kitz a single keystroke to email her submissions, because the Clerk of Court is required by Federal Rule of Civil Procedure 5(d)(4) to docket all submissions even if they do not comply with the Federal Rules, her continued pattern of emailing the Clerk requires the expenditure of scarce judicial resources.  Kitz is warned that continuing to abuse the Court's email address by sending submissions that do not comply with the Notice of Guidelines may result in action by the Court directing the Clerk to refuse to file her submissions.

("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

"'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Kitz is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Although not entirely clear, Kitz appears to bring claims against the Defendants because she did not receive documents from the sale of the property. The legal basis for her claims is also not entirely clear although she does assert she was the victim of fraud, breach of contract, identity theft, and false representation. What readily is clear is that, despite Kitz's checking the box on her form Complaint seeking to invoke the Court's federal question jurisdiction, there is no federal question subject matter jurisdiction to hear these state law claims. Neither can the Court exercise diversity jurisdiction over the claims under 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

As the Court has already explained to Kitz, § 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting

4

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  It is the plaintiff's burden to establish diversity of citizenship.  *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Kitz does not allege the citizenship of the parties.  She does, however, assert that she and Michael Kitz reside at the same address.  Accordingly, Kitz has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims she intends to pursue.  Those claims will be dismissed without prejudice so that Kitz may reassert them in an appropriate state court.[4]

An appropriate Order follows.[5]

**BY THE COURT:**

**/s/ John R. Padova**
**JOHN R. PADOVA, J.**

---

[4]     Under the circumstances here, the Court concludes that it would be futile to permit amendment of the jurisdictional allegations.

[5]     Since the Court dismisses this case for want of subject matter jurisdiction, the Order will deny as moot Kitz's Amended Motion for Judgment (ECF No. 23), and Motion to Release Documents (ECF No. 29).