IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENNIFER KITZ,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0600 |
| | : | |
| **MICHAEL KITZ,** *et al.*, | : | |
|     **Defendants.** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| **JENNIFER KITZ,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0783 |
| | : | |
| **MICHAEL D. KITZ, Sr.,** *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM

**PADOVA, J.**                                                                                      **MAY 19, 2022**

In this Memorandum, the Court explains why it will enjoin *pro se* Plaintiff Jennifer Kitz from filing any further papers in the above captioned cases, with the exception of notices of appeal.

**I.     KITZ'S LITIGATION HISTORY**

Kitz filed these cases against her spouse, Michael Kitz, and others alleging the Defendants stole the proceeds of a real estate settlement. Both cases were dismissed because Kitz failed to allege any plausible claims under federal law and failed to allege a basis for the Court's exercise of diversity jurisdiction to consider her claims raised under state law. Kitz's motions seeking to reopen the cases were denied and she did not appeal those decisions. Notwithstanding the dismissals, Kitz continuously emailed letters, exhibits, questions, requests for the appointment of counsel, and other material to the email address established for litigants to

file documents during the disruptions caused by the COVID-19 pandemic.[1] Most of her submissions were unsigned as required by Federal Rules of Civil Procedure 11 and many contained no caption. To date, in addition to her Complaint, Amended Complaint, and her response to the Order to Show Cause, Kitz has filed 25 documents in Civil Action No. 22-0600, only three of which were motions.[2] To date, in addition to her Complaint and response to the Order to Show Cause, she has filed 75 documents in Civil Action No. 22-0783, of which only five were motions.[3]

Due to this litigation behavior, the Court filed an Order to Show Cause on May 13, 2022 (*see* Civ. A. No. 22-0600, ECF No. 36; Civ. A. No. 22-0783, ECF No. 87), requiring Kitz to show cause within thirty (30) days of the date of the Order, why the Court should not enjoin her from filing any further documents in the above captioned cases other than notices of appeal. In other words, Kitz was told to explain why she should not be enjoined from filing additional

---

[1] Kitz was provided with a copy of Notice of Guidelines for Representing Yourself (Appearing *Pro Se*) in Civil Cases in each of her cases. The Guidelines inform *pro se* litigants that "All documents you submit to the Court should be in the form of a pleading (e.g., complaint, amended complaint), notice, motion, brief, or supporting memorandum of law." *See* http://www.paed.uscourts.gov/documents2/forms/forms-pro-se. Kitz was reminded of this provision in an Order filed on March 1, 2020. (*See* Civ. A. No. 22-600, ECF No. 19.) She failed to follow this directive in both of her cases.

[2] One of the motions in Civil Action No. 22-600 was Kitz's initial Motion to Proceed *In Forma Pauperis* (ECF No. 1), which was granted. Her post-dismissal motion to "help me bring my spouse/Defendant to court" (ECF No. 29) was denied as moot. (*See* ECF No. 30.) Her subsequent motion to reopen the case (ECF No. 33) was denied because she again failed to allege the parties were of diverse citizenship. (*See* ECF No. 34.)

[3] In Civil Action No. 22-783, Kitz's initial Motion to Proceed *In Forma Pauperis* (ECF No. 1) was granted. Her Amended Motion for Judgment (ECF No. 23) and Motion to Release Documents (ECF No. 29) were denied as moot when her case was dismissed for lack of jurisdiction. (*See* ECF No. 54.) Her post-dismissal Motion to Appoint Counsel (ECF No. 66) was also denied as moot. (*See* ECF No. 74.) Her Motion to Re-open Case (ECF No. 75) was denied because she again failed to allege the parties were of diverse citizenship. (*See* ECF No. 78.)

documents in these closed cases.  Kitz filed a response to the Order on May 16, 2022 (*see* Civ. A. No. 22-0600, ECF No. 37; Civ. A. No. 22-0783, ECF No. 88).

**II.     DISCUSSION**

A district court may enjoin "abusive, groundless and vexatious conduct" pursuant to 28 U.S.C. § 1651(a), the All Writs Act.  *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).  This "broad scope of . . . power . . . is limited by two fundamental tenets of our legal system-the litigant's due process and access to the courts." *Id.*  "There are three requirements that must be met before a court may issue such an injunction: '(1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case.'" *Holman v. Hooten*, No. 11-78, 2015 WL 3798473, at *7 (E.D. Pa. June 17, 2015) (quoting *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) (*per curiam*)); *see also Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990) (noting that a pre-filing injunction is "an extreme remedy that must be narrowly tailored and sparingly used"). While "*pro se* litigants are not entitled to special treatment," *Brown v. City of Philadelphia*, Nos. 05-4160, 06-2496, 06-5408, 08-3369, 2009 WL 1011966, at *15 (E.D. Pa. Apr. 14, 2009), the use of a pre-filing injunction against a *pro se* litigant "must be approached with caution." *Grossberger*, 535 F. App'x at 86 (citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)).

Kitz has demonstrated a continuing pattern of abuse by emailing submissions to the Clerk of Court in these closed cases.  It is unclear why she continued to email these submissions.  Her motions to reopen clearly indicated she understood that these cases were closed.  Pursuant to Federal Rule of Civil Procedure 5, the Clerk may not refuse to file a paper solely because it is not in the form prescribed by the Federal Rules.  Consequently, while it took little effort for Kitz to

send her emails, her actions had serious financial, staffing, and resource allocation implications to the Court.

The Court provided Kitz with notice of the potential injunction and an opportunity to oppose the Court's order. In her five-page Response to the Order to Show Cause, Kitz offers no cogent reasons why the proposed injunction should not be entered. She asserts she filed her case in this Court because she believed a "wire transfer fraud" would fall under the jurisdiction of a federal Court because it is a federal crime. (ECF No. 37 at 2.)[4] However, Kitz was informed in the Court's Memorandum dismissing Civil Action 22-600 that "[c]riminal statutes[] . . . generally do not give rise to a basis for civil liability." *See Kitz v. Kitz*, No. 22-CV-0600, 2022 WL 523452, at *2 (E.D. Pa. Feb. 18, 2022) (citing *Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. Progressive Specialty Ins. Co.*, 763 F. App'x 146, 147 (3d Cir. 2019) (*per curiam*) ("Brown's mere citation to various constitutional provisions cannot transform his state law claims into causes of action 'arising under' the Constitution.")). Kitz was told specifically that her federal mail fraud claim, wire fraud claim, bank fraud claim, and money laundering claim were not plausible because there is no private right of action under those federal statutes. *See Kitz*, at *2 (collecting cases showing no cause of action exists under any of these statutes). She did not challenge those legal determinations through a timely motion for reconsideration or an appeal to the United States Court of Appeals for the Third Circuit.

---

[4] The Court adopts the pagination supplied by the CM/ECF docketing system. Kitz filed the identical Response in both cases. The Court will cite to the version she filed in Civil Action No. 22-600.

Kitz asserts she also believed, "and still believes [her case] needs to be heard at Federal Court [] because due to amount of people and the diversity between all of them." (ECF No. 37 at 2.) However, she was told that the federal diversity jurisdiction statute, 28 U.S.C. § 1332(a) requires "'*complete* diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required." *Kitz*, at \*3 (emphasis added). It was apparent when Kitz filed her Complaint that diversity jurisdiction was not properly pled and it appeared likely the parties were not diverse. *Kitz*, 2022 WL 523452, at \*3. Kitz did not seek to appeal the Court's ruling on diversity jurisdiction either. Nonetheless, she continued to bombard the Court with submissions.

In her Response, Kitz appears to continue to assert that the Court can exercise diversity jurisdiction because she claims her spouse "currently lives in New Jersey" although she is unsure of his actual whereabouts.[5] (ECF No. 37 at 4.) To the extent these assertions are an attempt by Kitz to demonstrate diversity now, that attempt both fails on its merits and is, at bottom, irrelevant to both the issue of the Court's jurisdiction and as a reason not to enter the proposed injunction.

---

[5] Kitz also makes allegations about the address of First American Title Insurance Company being in California, and that "David Snyder" is supposedly a real estate broker licensed in New Jersey. As set forth in the United States Supreme Court's decision in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), a corporation is a citizen of both (1) its state of incorporation, and (2) the state where the company keeps its "nerve center," i.e., the *sole* location where the corporation's high-level officers direct, control, and coordinate the corporation's activities. An address in a particular state does not establish a corporation's state of incorporation or its nerve center. David Snyder is not a party to either of these Civil Actions and it is entirely unclear why Kitz included her assertion about him. Meanwhile, Kitz makes no allegations about the citizenship of other entities she actually did name as Defendants in these cases. The allegations about First American Title Insurance Company, even if legally sufficient as to that Defendant, would still have been insufficient to show complete diversity at the outset of the litigation given that Kitz and her spouse resided in the same home when she filed these cases.

First, at the time these case were filed, Kitz asserted that she and her spouse resided in the same home. The assertion that the spouse moved thereafter to New Jersey is irrelevant because, although challenges to subject-matter jurisdiction may be raised at any time, whether diversity exists is determined by the citizenship of the parties at the time the action is filed. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 n.9 (3d Cir. 2015) (citing *Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 570-71 (2004)). Second, the assertion that Kitz's spouse relocated also does not excuse her repeatedly filing material with the Clerk of Court after her cases were dismissed.

Finally, Kitz asserts in her Response that she "strongly believe[s] that I supplied the court with a lot of 'factual evidence.'" (ECF No. 37 at 2.) She claims she "only filed my documents here, at your court, because you are the only court that would accept them from me and when I called the Clerk and they told me to file them" and adds that she did not intend to be disrespectful. (*Id*. at 3.) While the Court accepts that Kitz did not intend to be disrespectful, her assertion that she believed she could prove her case through her numerous submissions must be rejected as cause not to enter the injunction. Only four of the 26 "exhibits" Kitz submitted in Civil Action 22-600 were filed before that case was dismissed because there was no legal basis for her federal claims based on criminal statutes and for want of jurisdiction over her state law claims. In Civil Action 22-783, Kitz submitted 29 exhibits and other papers after her case was dismissed. Whether or not Kitz believed her submissions could prove the merits of her claims does not change the fact that the Court had dismissed her claims, yet she persisted in continually abusing the judicial process. While it may have taken Kitz but a single keystroke to email submissions in these closed cases, because Federal Rule of Civil Procedure 5(d)(4) provides that the Clerk may not refuse to file a paper solely because it is not in the form prescribed by the

Federal Rules or this Court's Local Rules of Civil Procedure, processing her submissions required the unnecessary expenditure of scare judicial resources.

### III. CONCLUSION

Finding that no good cause has been shown, and for the foregoing reasons, the Court enjoins Jennifer Kitz from filing any further documents in the above captioned cases other than a notice of appeal. This injunction is narrowly tailored to fit the particular circumstances of these cases since it will not prevent Kitz from filing a new lawsuit in accordance with the Federal Rules of Civil Procedure over which the Court may properly exercise subject matter jurisdiction, and will not prohibit her from filing an appeal in these cases. Should Kitz submit any document other than notices of appeal in these cases, the Clerk is directed not to accept it for filing, but instead is directed to return the submission to Kitz. An Order follows including these directions the Clerk of Court.

**BY THE COURT:**

**/s/ John R. Padova**
**JOHN R. PADOVA, J.**